**O'NEILL, Plaintff, v. ARMENTROUT et, Defendants.**

Common Pleas Court, Fulton County.

No. 13218.   Decided December 16, 1954.

Charles M. Ham, of Ham & Ham, Wauseon, for plaintiff.
Norman E. Bischoff, of Cline, Bischoff & Cook, Toledo, for defendants.

**OPINION**

By VAN BUREN, J.

This is a case in equity, in which specific performance is asked of a contract to sell real estate.

In her second amended answer, defendant admits she is the owner of the real property described in the petition. She denies, however, entering into any agreement with plaintiff to convey the premises in question, and further denies that such an agreement, if there was one, was in writing, as required by the Statute of Frauds, §1335.04 R. C.

From the pleadings in this case, and the evidence adduced at the trial on November 5, 1954, it appears that the house on the approximately one acre of land in question, located on Route 20, north of Delta, in Fulton County, Ohio, was severely damaged by fire on April 14, 1952. Six

days later, on April 20, 1952, Mr. Armentrout, husband of the defendant, died. The estate of Mr. Armentrout has since been probated, and defendant has become, and now is, the sole owner in fee simple of the land and partially destroyed house involved in this action for specific performance.

The testimony of plaintiff, Gary O'Neill, is quite clear as to what happened when he talked to Mrs. Armentrout, the defendant, about buying the property, on October 7, 1952. Plaintiff testified he saw a "For Sale" sign in front of the place, bearing the name of Beulah Armentrout, and the address "Trilby, Ohio." Plaintiff went to Trilby to see Mrs. Armentrout, but she was not there. He was told that she had gone to the premises on Route 20, and there he found her displaying the house to another prospective purchaser. She told plaintiff she had just shown another man through the place. She said she was taking bids on it, and that she wanted $3000.00 for the property.

O'Neill said, "I tried to offer her some money at the time." When defendant quoted the price of $3000.00, O'Neill testified he told her, "I'll take it." Defendant said her lawyer, Mr. Norman E. Bischoff, whose residence was in Sylvania, had to agree to the price; that he represented her in the probate proceedings; and that the Probate Court had to approve it.

Then Mr. O'Neill, with his father, contacted Attorney Bischoff on Sunday next, and a down payment of $100.00 was tendered by O'Neill and accepted by Mr. Bischoff. A receipt was prepared by Mr. Bischoff, signed by him, and given to the plaintiff. This paper writing was introduced in evidence as Plaintiff's Exhibit One, and reads as follows:

No. ———                                             Oct. 12 1952
RECEIVED OF Gary O'Neill One hundred and
no/100                    DOLLARS
            100
Dep. on Armentrout house for $3000.00
subject to approval of Probate Court
$100.00                                      N. E. Bischoff.

According to plaintiff, Attorney Bischoff said there would be a delay of one week or ten days before the approval of this sale by the Probate Court could be secured.

Then, according to plaintiff, he called the defendant, Mrs. Armentrout, who said she would bring the keys over the next day, and show him through the house. Mrs. Armentrout, shortly thereafter, attempted to rescind this contract of sale by letter dated October 14, 1952, postmarked October 15, 1952, at Toledo, Ohio, and which letter and envelope were introduced in evidence and marked for identification as Plaintiff's Exhibits Two and Three respectively, and which read as follows:

(Exhibit Two)
Toledo, Ohio
October 14, 1952

Dear Gary O'Neill:
        I have to tell you that Margaret O'Neill bought the brick house last Sat. She dealt through her attorney & he let Mr. Bischoff know on Monday.

I called my attorney Tues. & he told me.

Sincerely

Mrs. Beulah Armentrout

(Exhibit Three)

6354 Secor Road      ( Stamp Cancellation )

Toledo 13, Ohio      (    and postmark:     )

TOLEDO .

OCT 15

5:30 P.M.

1952

OHIO

Mr. Gary O'Neill,

Delta,

Ohio,      Route 1.

Plaintiff and his father testified that they then called upon Mrs. Armentrout and tendered her $2900.00 in cash, which she refused to accept.

The one hundred dollar deposit on the contract was kept by defendant and her attorney until October 27, 1952, when a check was mailed by Attorney Bischoff to plaintiff. The check was never cashed, however. It was returned to defendant, and appears in this case as Defendant's Exhibit "A".

The father of plaintiff, Martin O'Neill, verifies this testimony of plaintiff.

He does add to the testimony of his son, however, in a recollection, that when Mrs. Armentrout showed them the place in question, she said that another O'Neill—a Mrs. William O'Neill—had been trying to buy the property for $2500.00, but that the price was $3000.00. She said she would sell for that figure, according to the testimony of Martin O'Neill, and that they were to contact her attorney, Mr. Bischoff. Defendant told them Mr. Bischoff had the power to sell this real estate.

In her testimony, defendant admits that on October 7, 1952, she was in the yard of the property for sale, when plaintiff and his father stopped there; that there was a "For Sale" sign on the property, and that she had put it there; that Attorney Bischoff was taking care of her affairs at that time.

The testimony of Attorney Bischoff is substantially the same, although he does state that there was a limitation of some kind when he closed the deal as to time, other than the necessity to secure approval of the Probate Court. However, the paper writing does not reflect any such other limitation.

It is the opinion of the court that a contract was entered into by and between the parties to this action; that there was a definite meeting of the minds which was reduced to writing when the receipt was executed by Attorney Bischoff, who was acting for and in behalf of the defendant, both as attorney and as her agent. The paper writing (Exhibit One) clearly specifies the price involved and the property in question.

The limitation in this receipt as to the necessary approval of the Probate Court does not seem important at this time.

The defendant now has title to the property, and can convey the

same to plaintiff in her own right. The Certificate for Transfer of Real Estate to her by the Probate Court of Fulton County, Ohio, dated October 30, 1952, and recorded November 28, 1852, appears in Fulton County Transfer Records, volume 4, at page 154.

The facts in this case are quite similar to those in **Ward v. Bickerstaff, 79· Oh Ap, 362.** In that case, the receipt, almost identical with the one submitted in this case as Plaintiff's Exhibit One, was held to be "some memorandum or note" in writing, signed by the parties charged therewith, and under the Statute of Frauds, an action thereon can be brought for specific performance of a contract to sell real estate. This case was decided in 1946 by our Court of Appeals, and appears to be decisive of the issues involved here. See, also, **McGilvery v. Shadel, 87 Oh Ap 345.**

The only difference in the facts here and those in the Ward case cited above, is that the parties personally signed the receipt for the down payment in the Ward case, whereas in the case under consideration, the receipt was signed by the attorney for the seller of the land in question. From the testimony, there can be no doubt that Attorney Bischoff was representing Mrs. Armentrout in this matter; that he had authority to act for her, both as her attorney and as her agent in this particular case; and that what he did was undoubtedly with the approval and at the direction of the defndant. See 6 O. Jur. 2d 37, page 55, et seq.

It should be noted that by stipulation between the parties, the interest or lien of the defendant, The Farmers State Savings Bank of Delta, Ohio, in the land described in the petition in this case, no longer exists, and the defendant, The Farmers State Savings Bank of Delta, Ohio, is not a proper or necessary defendant at this time.

It is therefore the decree of this court that the defendant, Beulah Armentrout, convey the premises named and described in the petition, to plaintiff by general warranty deed, in accordance with the terms of said agreement.